IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLOBAL SOLUTIONS, LLC, a Nevada limited liability company; GREG GEREMESZ, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MD MARKETING, LLC, a South Dakota limited liability company; MAD DOG RESEARCH AND MANUFACTURING, LLC, a South Dakota limited liability company; ROB CRANDALL, an individual; CHRISTINE SEITZ, and individual; DOUG SEITZ, and individual; and DOES 1-10 inclusive,<br><br>　　　　　　Defendants. | Case No. CV 07-489-S-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Defendants MD Marketing, LLC, Mad Dog Research and Manufacturing, LLC, and Rob Crandall filed a Motion to Continue (Docket No. 71) on March 2, 2010.[1] In the motion, the Mad Dog Defendants seek to continue and/or stay this action because they claim complete relief cannot be had without the addition of two alleged indispensable parties— ITV Direct, Inc., and

---

[1] The Court previously has referred to Defendants Rob Crandall, MD Marketing, LLC, and Mad Dog Research & Manufacturing, LLC collectively as the "Mad Dog Defendants," and will continue to do so here. The Court means no disrespect by use of the moniker.

**MEMORANDUM DECISION AND ORDER - 1**

Intermountain Community Bank ("ICB"). Plaintiffs Global Solutions, Inc., and Gregory Geremesz (collectively, "Global") filed an opposition to the motion. (Docket No. 74.) Global also filed a motion to enforce the court's order requiring mediation, and requested sanctions be imposed upon the Mad Dog Defendants for violating the Court's scheduling order. (Docket No. 73.)

The Court has reviewed the motions, as well as the procedural history in this matter.[2] The Motion to Continue will be denied with respect to the request to stay or continue this matter to add ICB or ITV Direct, Inc. The Court will, however, grant a two month continuance in light of the Court's March 26, 2010 Order enforcing its ADR deadline, and requiring a judicially supervised settlement conference to take place on April 15, 2010. Global's request for sanctions will be denied.

I. Background

Global filed its Complaint on November 16, 2007. The Complaint alleges that the Mad Dog Defendants and Defendants Christine and Doug Seitz wrongfully exploited and profited from the use of intellectual property rights belonging to Global and Geremesz. The twelve claims for relief include trademark infringement, violation of the Lanham Act, unfair competition, conversion of trade secrets, and breach of contract, among other claims.

The Scheduling Order entered on September 4, 2008 (Docket No. 43), established the following deadlines: all amendments of pleadings and joinder of parties on or before April 1, 2009; all experts disclosed on or before August 1, 2009; mediation to be completed on or before

---

[2] While Global filed a memorandum opposing the motion (Docket No. 74), the Seitz Defendants did not take a position and did not file a brief in response. The Court finds that the decisional process would not be aided by oral argument and therefore decides this matter on the written submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(ii).

**MEMORANDUM DECISION AND ORDER - 2**

October 1, 2009; discovery to be completed on or before September 1, 2009; pretrial motions to be filed on or before November 1, 2009; and trial to begin on May 4, 2010. The deadline to amend the pleadings and join parties subsequently was extended until May 1, 2009 (Docket No. 50), and the final expert disclosure deadline was extended to September 30, 2009 (Docket No. 63).

The Mad Dog Defendants requested another extension of certain deadlines, and on September 8, 2009, the Court granted the last extension allowing until November 1, 2009, for completion of discovery; until November 20, 2009, to participate in mediation; and until December 1, 2009, for filing pre-trial motions. (Docket No. 69.) The Court cautioned that any further requests to amend the above dates would result in vacation of the trial date, still scheduled to begin May 4, 2010, and noted that all other deadlines remained unaffected. (Docket No. 69.) The Court notes that the parties did not file pretrial motions by December 1, 2009, and did not comply with the November 20, 2009 mediation deadline, prompting a motion to enforce the mediation order filed by Global, which motion was granted ordering a settlement conference to take place on April 15, 2010. (Docket No. 69.)

To put the Motion to Continue in context, the Court notes that the Mad Dog Defendants previously filed motions on May 1, 2009, seeking to amend their answer and add a counterclaim against the Global Parties, and to file a third-party complaint against ICB, Nathan Olsen, and Tyler Echols, whom the Mad Dog Defendants claim were responsible for additional damages. The Court denied the motion to file a third-party complaint against ICB and also denied the motion to add a counterclaim against the Global Parties. (Mem. Decision and Order, Docket No. 70.) The motion to continue seeks a continuance, ostensibly to conduct additional discovery and

**MEMORANDUM DECISION AND ORDER - 3**

of the trial date, "until such time as the Plaintiffs have joined all necessary and indispensable parties." (Mot. at 4, Docket No. 72.)

The Motion to Continue, like the motion to file the third party complaint, relates to the underlying breach of contract action in state court between ICB and Global. ICB sued Global for breach of the purchase agreement it entered into with Global whereby it sold trademarks and other business property, including the trademarks to Supreme Greens that are at issue in this lawsuit. In its answer to ICB's state court complaint, Global asserted various defenses, including a defense of mutual mistake claiming that Nutra may not have had authority to sell the information and assets to ICB that Global later purchased.

## II. Discussion

### A. Motion to Continue

In their motion to continue and the related motion to stay, the Mad Dog Defendants now seek to add ICB as an indispensable party rather than as a third party defendant. The Mad Dog Defendants claim that, without ICB, complete relief cannot be had among the existing parties because of Global's assertion that ICB may not have owned the assets it later sold to Global, which assets are the subject of this lawsuit. The Complaint in this case alleges that Defendants infringed upon Global's trademarks in the assets it purchased from ICB.

The Court can accord complete relief among the parties in ICB's absence. *See* Fed. R. Civ. P. 19(a)(1)(A).[3] If, as the Mad Dog Defendants allege, Global does not own the assets that are the subject of the trademark infringement suit against them, that may constitute a defense to

---

[3] Fed. R. Civ. P. 19(a)(1)(B) applies only if the party "claims an interest relating to the subject of the action. . . ." ICB has never claimed an interest in these proceedings, and therefore Fed. R. Civ. P. 19(a)(1)(B) does not apply. Fed. R. Civ. P. 19(a)(1)(A) requires joinder of a party if, in that person's absence, "complete relief among existing parties" cannot be had.

**MEMORANDUM DECISION AND ORDER - 4**

Global's claims. There is no need to add ICB to this action, either as a party or as a third party defendant.

The same is true of ITV Direct, Inc. ("ITV"). The Mad Dog Defendants allege in their motion that ITV claims ownership of the same trademark that Global claims it owns, and which is the subject of the Complaint. Even if it is true that ITV owns an interest in the trademarks that Global claims it owns, a fact that Global disputes,[4] complete relief among the existing parties can still be afforded without the addition of ITV. If the Mad Dog Defendants prove that Global is not the owner of the trademark upon which it claims the Mad Dog Defendants infringed, then such facts may constitute a defense to Global's claims. The Court finds there is no need to add ITV to this action to afford complete relief among the parties to this lawsuit.

The motion also is untimely. Fed. R. Civ. P. 16(b) rather than Fed. R. Civ. P. 15(a) or (b) governs the standard for amending the Complaint to add a party in this proceeding. *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 673 (D. Idaho 2006.) Once a scheduling order has been entered pursuant to Fed. R. Civ. P. 16(b), the more restrictive provision of that rule requiring a showing of "good cause" for failing to amend prior to the deadline in the scheduling order applies. *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 672 (D. Idaho 2006) (citing *Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir. 2000)). The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party. *Robinson*, 233 F.R.D. at 672. Nevertheless, prejudice to the opposing party can be an additional reason to deny a motion to amend. *Id.*

---

[4] Global asserts that the documents relied upon by the Mad Dog Defendants claiming to prove ITV has a legal interest in the trademarks that are the subject of this action constitute merely an "intent-to-use application" for the use of the trademarked term "Supreme Greens with MSM." (Pls' Opposition at 1, 3, Docket No. 74.) The Court need not decide this issue at this time.

**MEMORANDUM DECISION AND ORDER - 5**

The Mad Dog Defendants did not file their motion to continue requesting more time to conduct discovery and permission to file a motion to add indispensable parties until March 2, 2010. Their motion was filed four months after the November 1, 2009 discovery deadline, ten months after the May 1, 2009 deadline to amend pleadings and join parties, and three months after the December 1, 2009 pre-trial motions deadline. All three of those deadlines previously were amended to accommodate the parties. Moreover, the Mad Dog Defendants do not explain why, after requesting extension of the discovery and amendment of the pleadings deadlines (Docket Nos. 50, 69),[5] they were unable to conduct the requisite discovery and file their motion in a timely fashion. Nor do the Mad Dog Defendants establish the requisite good cause for failing to move to add ICB or ITV within the time frame set by the Court when the Mad Dog Defendants had knowledge of both parties' involvement as early as November 16, 2007, when the Complaint was filed in this matter. The Complaint contains detailed facts concerning ICB and ITV, and their relationship to Global. (Compl. ¶¶ 20–27, 51–55, Docket No. 1.)

Additionally, were a continuance to be granted to allow the Mad Dog Defendants to file a motion to amend to add ITV and ICB as parties, Global would be prejudiced if ICB and ITV were added at this juncture after the deadlines for discovery and dispositive motions have passed.[6] As explained by the Ninth Circuit, "reopening discovery with resulting delay in the

---

[5] The Mad Dog Defendants filed both requests.

[6] The Court notes the odd posture of the Mad Dog Defendants' motion. In it, Defendants seek a continuance to force Global to add parties. (Docket No. 72.) However, Defendants would be the proper party to bring a motion to amend to add indispensable parties. The Court need not force Global to do anything, since upon granting a motion to add indispensable parties, the Court has the authority to order the person to be made a party. Fed. R. Civ. P. 19(a)(2). But the Mad Dog Defendants cannot escape the provisions of Rule 16(b) and the need to file a motion to amend to add indispensable parties under Rule 7(b) by claiming in their motion for continuance that the Court should simply "force" the Plaintiffs to add parties.

**MEMORANDUM DECISION AND ORDER - 6**

proceedings supports a finding of prejudice from a delayed motion to amend. . . . While a finding of prejudice is not required under Rule 16(b), it is an added consideration in the Court's decision" to deny the motion to continue, which was brought so that the Mad Dog Defendants could conduct additional discovery and file a motion to add indispensable parties. *Robinson*, 233 F.R.D. at 673–674 (internal citations omitted).

Lastly, the Mad Dog Defendants request a "stay" of this action as an alternative to a continuance until the state court action between ICB and Global is resolved. However, it is clear from the documents filed in support of Global's opposition to the motion that the state court action settled on January 20, 2010, and an order of dismissal was entered on March 5, 2010, a mere three days after the Mad Dog Defendants filed their motion. (Dec. of Chitwood Ex. 1, Docket No. 74-1.) The motion seeking to stay the action on the grounds that the state court action must first be decided also will be denied.[7]

Because the Court finds two alternative reasons for denying the Mad Dog Defendants' motion to continue or stay, the Court will not address Global's other argument that the motion should be denied for violating the Court's Local Rules by failing to provide supporting affidavits for introducing documentary evidence. (Pls.' Opposition at 6, Docket No. 74.) The Court also declines to award sanctions based upon Global's argument that the Mad Dog Defendants violated Dist. Idaho Loc. Civ. R. 7.1(e), although the Court hereby admonishes counsel and

---

[7] Global points out that the Mad Dog Defendants would have been advised by Global's counsel that the state action between ICB and Global had been resolved if counsel for the Mad Dog Defendants had made an inquiry to Global's counsel before they filed their motion to continue. This failure by counsel for the Mad Dog Defendants to communicate with opposing counsel is only one example of the parties' acrimonious relationship evidenced by the record before the Court which unfortunately has lead to the filing of motions, such as the motion to continue and the motion to enforce mediation, that otherwise were unnecessary.

**MEMORANDUM DECISION AND ORDER - 7**

strongly suggests that pro hac vice counsel take appropriate steps to advise himself of and comply with all Local Rules.

Nevertheless, the Court will vacate the trial date currently set for May 4, 2010. Global was not opposed to a two month continuance of the trial date so that the parties could engage in a settlement conference, which is currently set for April 15, 2010, before Magistrate Judge Larry M. Boyle. (Docket No. 75.) Trial will therefore be rescheduled to commence on July 13, 2010.

### B. Motion for Sanctions

As part of its motion to enforce the Court's order to attend mediation, Global seeks sanctions pursuant to Fed. R. Civ. P. 16(f). Rule 16(f) permits the Court, in its discretion, to award sanctions, including reasonable expenses incurred, if a party fails to obey a scheduling order.

Here, the affidavit filed in support of Global's Motion to Enforce Mediation conveys the record of acrimony previously noted by the Court. In addition to extremely limited availability of counsel for the Mad Dog Defendants for mediation, the record also contains unreasonable and inappropriate "conditioning" of availability upon taking a deposition of lead counsel for Global. Although the Court questions the tactics of counsel for the Mad Dog Defendants, the Court already has granted the motion to enforce mediation and ordered the parties to attend a judicially supervised settlement conference on a mutually convenient date provided by the parties, and therefore declines to award sanctions. Global's motion for sanctions will therefore be denied, but without prejudice.

**MEMORANDUM DECISION AND ORDER - 8**

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Defendants' Motion to Continue or Stay (Docket No. 72) is **DENIED.**

2) The **trial date** of May 4, 2010, is hereby **VACATED** and **RE-SET** to commence on **July 13, 2010 at 9:30 a.m.** at the Federal Courthouse in Boise, Idaho, before District Judge Edward J. Lodge. Trial is tentatively scheduled for four (4) days. Thereafter, the trial will be conducted from 9:00 a.m. to 4:00 p.m. All deadlines set forth in the Scheduling Order (Docket No. 43) for pre-trial submissions will remain the same.

3) Plaintiffs' Motion for Sanctions, brought as part of its Motion to Enforce Mediation Order (Docket No. 73), is **DENIED** without prejudice.



DATED: April 1, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge